UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000

-and-

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, Esq.
693 East Avenue
Rochester, NY 14607
Tel.: (585) 272-0540
Fax: (585) 272-0574
Attorneys for Plaintiffs

| | |
|---|---|
| C. GEBHARDT, AIMEE MOORE, CARRIE SMITH, KEVIN THORN and JONATHAN SHIVELY, *on behalf of themselves and all other employees similarly situated,*<br><br>*Plaintiffs,*<br>v.<br><br>NVR, INC.,<br><br>*Defendant.* | Civil Action No. 3:07-cv-04456(MLC)<br><br>AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs, on behalf of themselves and all other employees similarly situated, by and through the undersigned attorneys, hereby complain of defendant as follows:

#2954054 (149810.001)

**NATURE OF CLAIM**

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Named Plaintiffs, individually, as well as all other employees similarly situated, under the laws of the various states in which defendant does business.

**JURISDICTION AND VENUE**

2. On September 17, 2007, this action was removed from the Superior Court of New Jersey, Law Division, Monmouth County, to this Court by defendant.

3. The jurisdiction of the Superior Court was invoked by Named Plaintiffs pursuant to N.J. Rule 4:4 because defendant conducts regular business within New Jersey and has minimum contacts within the State as is necessary under due process.

4. Venue was and is properly laid in New Jersey Superior Court, Monmouth County, as the defendant conducts business in Monmouth County.

**CLASS ACTION ALLEGATIONS**

5. The claims arising under the state laws set forth above were and are properly maintainable as a class action.

6. The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of current and former individuals who worked for NVR, Inc. ("NVR") at any of defendant's locations and who held the position of

Sales and Marketing Representative ("SMR"); who were not paid overtime at the rate of one-and-a-half times their regular rate of pay, when such employees worked over 40 hours in a week.

7. The class size is believed to be over 400 employees.

8. Common questions of law and fact predominate in this action because the claims of all class members are based on whether NVR's policy of not paying overtime to such employees for all hours worked in excess of forty hours per week violates the laws of the various states where the defendant does business.

9. The Named Plaintiffs will fairly and adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent with, the claims of the other class members.

10. There are no known conflicts of interest between the Named Plaintiffs and the other class members.

11. The class counsel, Dolin, Thomas & Solomon LLP, and Wilentz, Goldman & Spitzer, P.A., are qualified and able to litigate the class members' claims.

12. The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13. The class action is maintainable because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

14. Defendant NVR, Inc. is a corporation with its headquarters in McLean, Virginia.

15. At all relevant times, defendant has been the employer of plaintiffs in this action.

16. The Named Plaintiffs are current or former employees of the defendant.

17. Named Plaintiffs and the other class members worked for defendant and were not paid their regular or statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours they worked over 40 hours in a week.

18. Defendant knew plaintiffs were supposed to receive such wages; however, defendant willfully failed to pay for all hours worked by Named Plaintiffs and class members.

19. Defendant's practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

20. The failure to pay overtime is willful.

21. Defendant's policies and practices deprived the Named Plaintiffs and class members of their earned wages and affected the Named Plaintiffs and class members as set forth below:

   a. **Subclass A:**  SMRs are or were not paid overtime at the rate of one-and-a-half times their regular rate of pay when such employees worked over 40 hours in a week.

   b. **Subclass B:**  SMRs are or were not paid wages when due, for hours SMRs work/ed.

22.   Named Plaintiffs worked as SMRs for the defendant, and as with other class members, were improperly classified as exempt employees by defendant and were not paid time and one-half for all hours worked over 40 hours in a week.

23.   Named Plaintiffs and class members frequently worked over 40 hours in a week while employed by defendant.

24.   Defendant's policy and/or practice was to not compensate Named Plaintiffs or class members at time-and-one-half for all hours when the Named Plaintiffs and class members worked over 40 hours in a week.

25.   Defendant knew plaintiffs were required to be paid statutory overtime, however, defendant willfully failed to pay statutory overtime for all hours worked when Named Plaintiffs and class members worked over 40 hours in a week.

26.   Pursuant to defendant's company policy, Named Plaintiffs did not receive overtime at a rate of time-and-one-half for overtime hours worked in a week.

## COUNT I

### Breach of Contract

27. Plaintiffs reallege the above paragraphs as if fully restated herein.

28. Defendant willfully violated its obligations under the state laws of New Jersey, Delaware, Kentucky, Michigan, South Carolina, Tennessee, Virginia, and West Virginia and is liable to plaintiffs.

## COUNT II

### State Wage and Hour Laws

29. Plaintiffs reallege the above paragraphs as if fully restated herein.

30. Defendant willfully violated its obligations under the wage laws of the states in which defendants do business, including New Jersey, Delaware, Kentucky, Michigan, South Carolina, Tennessee, Virginia, and West Virginia and is liable to plaintiffs.

## COUNT III

### Unjust Enrichment

31. Plaintiffs reallege the above paragraphs as if fully restated herein.

32. Defendant willfully violated its obligations and has been unjustly enriched to the detriment of plaintiffs and others similarly situated for worked performed for defendant under the

common laws and state laws of New Jersey, Delaware, Kentucky, Michigan, South Carolina, Tennessee, Virginia, and West Virginia and is liable to plaintiffs.

## COUNT IV

### Fraud and Deceit

33. Plaintiffs reallege the above paragraphs as if fully restated herein.

34. Defendant willfully violated its obligations by committing fraud against plaintiffs and others similarly situated under the common laws and the state laws of New Jersey, Delaware, Kentucky, Michigan, South Carolina, Tennessee, Virginia, and West Virginia and is liable to plaintiffs.

## COUNT V

### Quantum Meruit

35. Plaintiffs reallege the above paragraphs as if fully restated herein.

36. Defendant willfully violated its obligations by failing to pay plaintiffs for the reasonable value of the services performed by plaintiffs for defendant under the common laws of the state laws of New Jersey, Delaware, Kentucky, Michigan, South Carolina, Tennessee, Virginia, and West Virginia and is liable to plaintiffs.

## COUNT VI

### Negligent Misrepresentation

37. Plaintiffs reallege the above paragraphs as if fully restated herein.

38. Defendant willfully violated its obligations under the common laws and the state laws of New Jersey, Delaware, Kentucky, Michigan, South Carolina, Tennessee, Virginia, and West Virginia and is liable to plaintiffs.

## COUNT VII

### Negligence

39. Plaintiffs reallege the above paragraphs as if fully restated herein.

40. Defendant willfully violated its obligations under the common laws and the state laws of New Jersey, Delaware, Kentucky, Michigan, South Carolina, Tennessee, Virginia, and West Virginia by negligently failing to properly compensate plaintiffs and is liable to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant in their favor and that they be given the following relief:

    (a) an order preliminarily and permanently restraining defendant from engaging in the aforementioned pay violations;

    (b) an award of the value of plaintiffs' unpaid wages;

    (c) liquidated, compensatory, consequential and punitive damages;

(d) an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e) an award of pre- and post judgment interest; and

(f) such other and further legal or equitable relief as this Court deems to be just and appropriate.

                              **WILENTZ, GOLDMAN & SPITZER, PA**

BY: /S/Maureen S. Binetti
    Maureen S. Binetti, Esq.
    90 Woodbridge Center Drive
    P.O. Box 10 Woodbridge, NJ 07095
    Tel.: (732) 855-6034

    -and-

    DOLIN, THOMAS & SOLOMON LLP
    J. Nelson Thomas, Esq.
    693 East Avenue
    Rochester, NY 14607
    Tel.: (585) 272-0540
    Attorneys for Plaintiffs

Dated: October 11, 2007

#2954054 (149810.001)

**JURY DEMAND**

Plaintiffs hereby demands a trial by a jury as to all issues so triable.

```
                    WILENTZ, GOLDMAN & SPITZER, P.A.
                    Attorneys for Plaintiff


                    By: /S/Maureen S. Binetti
                        MAUREEN S. BINETTI
```

Dated: October 11, 2007

#2954054 (149810.001)

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Plaintiffs hereby certify that related actions are pending against defendant involving the same subject matter as the within action, as follows:

Plaintiffs have filed claims under the Fair Labor Standards Act in the case Patrick Tracy v. NVR, Inc., 04-CV-06541 DGL(P), which is currently pending in the Western District of New York. At defendant's request, that Court declined to exercise discretionary jurisdiction over state law claims (with the sole exception of New York state law claims).

Other similarly situated plaintiffs have filed separate actions in other jurisdictions for claims under other state laws not alleged in this action.  In an abundance of caution plaintiffs disclose those other state court actions:  Marlene Graves v. NVR, Inc., Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, No. GD07-15569; Darren Hart, et al. v. NVR, Inc., Circuit Court of Maryland for Montgomery County, No. 284629 V; Nicholas Bartnikowski, et al. v. NVR, Inc., General Court of Justice, Superior Court Division, State of North Carolina, Durham County, No. 07-CV-004229; and Francie

<u>Geers, et al. v. NVR, Inc.</u>, Court of Common Pleas, Hamilton County, Ohio, No. A0706350.

                                            WILENTZ, GOLDMAN & SPITZER, P.A.
                                            Attorneys for Plaintiff

                                            <u>By:/S/ Maureen S. Binetti</u>
                                                  MAUREEN S. BINETTI

Dated: October 11, 2007

#2954054 (149810.001)

**CERTIFICATION OF SERVICE**

I hereby certify that on October 11, 2007, the Amended Class Action Complaint is being electronically filed with the United States District Court District of New Jersey.

                              WILENTZ, GOLDMAN & SPITZER, P.A.
                              Attorneys for Plaintiff

                              By:  /S/ Maureen S. Binetti_____
                                    MAUREEN S. BINETTI

Dated: October 11, 2007